UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

THE CINCINNATI LIFE INSURANCE ) 
COMPANY, )
      Plaintiff, )
      vs. )      No. 2:10-cv-00205-LJM-WGH
       )
STANTON W. GROTTENHUIS, )
MARJORIE BEYRER, )
CASEY STATE BANK, )
      Defendants, )
      vs. )
       )
MARK SAVOREE, )
      Intervenor Plaintiff. )

MARJORIE BEYRER, individually )
and as Executrix for Estate of Kevin )
Breyer, )
      Cross/Counter-Plaintiff, )
and )
       )
ESTATE OF KEVIN BEYRER, )
      Third Party Plaintiff, )
vs. )
       )
STANTON W. GROTTENHUIS, )
CASEY STATE BANK )
      Cross-Defendants, )
and )
       )
MARK SAVOREE, )
      Counter-Defendant, )
and )
       )
KAREN SAVOREE, )
      Third Party Defendant )

## ORDER

This matter is before the Court on Cross-Defendants', Stanton W. Grotenhuis ("Mr.

Grotenhuis")[1] and Casey State Bank ("CSB"), Motion to Dismiss Cross Claim and Third Party Claim or, in the Alternative, Motion for More Definite Statement ("CSB's Motion to Dismiss") [Dkt. No. 43]. Also pending before the Court is Counter-Defendant Mark Savoree ("Mr. Savoree") and Third Party Defendant Karen Savoree's ("Ms. Savoree") (collectively, the "Savorees") Motion to Dismiss First Amended Cross Claim and Third Party Claim, or, in the Alternative, Motion for More Definite Statement ("Savorees' Motion to Dismiss") [Dkt. No. 49]. Both Motions seek to dismiss the First Amended Cross Claim and Third Party Complaint [Dkt. No. 40] ("Complaint") under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). The Court has reviewed the parties' submissions and rules as follows.

## I. BACKGROUND

Given the complicated procedural posture of this case and in the interest of clarity, in this Order, Marjorie Beyrer ("Mrs. Beyrer") and the Estate of Kevin Beyrer (the "Estate") will be referred to collectively as "Cross-Plaintiffs." Mr. Grotenhuis, CSB, and the Savorees will be referred to collectively as "Cross-Defendants." Mrs. Beyrer and Kevin Beyrer ("Mr. Beyrer") will be referred to collectively as the "Beyrers."

For the purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts all of Cross-Plaintiffs' well-pleaded allegations as true and draws all favorable inferences for Cross-Plaintiffs. *See Killingsworth v. HSBC Bank*, 507 F.2d 614, 618 (7th Cir. 2007). With this standard in mind, the Court recites the facts as they are contained within the Complaint.

---

[1] From the filings in this case, it appears that Mr. Grotenhuis's name is misspelled in the caption of this case. In this Order, the Court will use the spelling used by Mr. Grotenhuis in his briefing. However, the caption will remain as it appears in official court records.

In 2006, Mr. Beyrer went to work for Terre Haute Ford, Inc., Sullivan Ford, Inc., Savoree, Inc., and Terre Haute Kia, Inc. (collectively, "Savoree Companies"), a group of automobile dealerships in the Terre Haute area. Dkt. No. 40 ¶ 6. At some time in early 2007, Mr. Savoree sought to sell the Savoree Companies to Mr. Beyrer. *Id.* ¶¶ 7–8. "Though knowledgeable and intellectually qualified to own or operate car dealerships," Mr. Beyrer did not have the financial resources to qualify as a designated Ford dealer. *Id.* ¶ 9. However, CSB and Mr. Savoree led Mr. Beyrer to believe that he did qualify. *Id.* To induce Mr. Beyrer to purchase the Savoree Companies, Mr. Savoree pledged a $2.5 million personal guarantee to secure financing through CSB. *Id.* ¶ 10.

Mr. Beyrer established Ronin Automotive Inc. ("Ronin") as a holding company to facilitate the transfer of the Savoree Companies. *Id.* ¶ 12. On approximately March 1, 2007, Ronin, the Savoree Companies, and Mr. Savoree individually entered into a purchase agreement, and Ronin acquired the Savoree Companies. *Id.* ¶¶ 13–14. Among other provisions, the purchase agreement provided that Mr. Beyrer and Ronin would secure a credit line of approximately $7 million to purchase and operate the Savoree Companies. *Id.* ¶ 14. Mr. Savoree's personal guarantee was included as a condition of the sale. *Id.* Mr. Savoree was to remain as the designated Ford dealer for the Savoree Companies pending Ford's approval of Mr. Beyrer. *Id.* ¶ 15.

Also on approximately March 1, 2007, Ronin entered into loan agreements ("First Loan") with CSB for approximately $7 million. *Id.* ¶ 16. The Beyrers signed a personal guarantee for the First Loan. *Id.* Mr. Savoree's guarantee also secured the First Loan. *Id.* ¶ 17. Mr. Beyrer relied on Mr. Savoree's representations about Mr. Beyrer's qualifications to obtain a Ford dealership in agreeing to the First Loan. *Id.* ¶ 27. Mr. Savoree and CSB

knew or should have known, however, that Mr. Beyrer was not financially qualified for Ford approval and, therefore, should not have approved the First Loan. *Id.* ¶¶ 28, 38. Neither Mr. Savoree nor CSB disclosed this to Mr. Beyrer. *Id.* ¶ 31.

On approximately May 9, 2007, Mr. Beyrer contracted with Plaintiff, Cincinnati Life Insurance Company ("Cincinnati Life"), for a $3 million term life insurance policy ("Cincinnati Life Policy"). *Id.* ¶ 19. The Cincinnati Life Policy listed Mrs. Beyrer as the beneficiary. *Id.* The First Loan did not require Mr. Beyrer to secure a life insurance policy or assign any existing policy. *Id.* ¶ 18. However, CSB contends that as collateral for the First Loan, Mr. Beyrer agreed to a conditional assignment of the Cincinnati Life Policy. Dkt. No. 1-2 ¶ 9. Cross-Plaintiffs contend that any assignment of the Cincinnati Life Policy to CSB was invalid. Dkt. No. 40 ¶¶ 20–22, 24–26. At some point, CSB allegedly assigned the Cincinnati Life Policy to Mr. Grotenhuis. *Id.* Answer ¶ 2.

On approximately January 24, 2008, Ronin paid off the First Loan. *Id.* ¶ 40. Cross-Plaintiffs contend that any assignment of the Cincinnati Life Policy to CSB ended at the time of the loan payoff. *Id.* ¶ 43. Four days later, on January 28, 2008, Ronin entered into new loan agreements ("Second Loan") with CSB. *Id.* ¶ 40. The Beyrers and the Savorees both personally guaranteed the Second Loan. *Id.* Cross-Plaintiffs contend that CSB should not have issued the Second Loan either. *Id.* ¶¶ 38, 41.

In early 2008, Mr. Beyrer was diagnosed with terminal cancer. *Id.* Answer ¶11. When Mr. Beyrer became terminal, he sought to obtain a $250,000 disability benefit under the Cincinnati Life Policy. *Id.* ¶ 23. However, CSB and Mr. Grotenhuis "wrongfully blocked Mr. Beyrer's efforts" to obtain the disability benefit, and it was not paid. *Id.* Cross-Plaintiffs contend that any assignment of the Cincinnati Life Policy that did occur contained a

provision that disability income was not assignable. *Id.*

In May 2008, without any prior warning, CSB called in the Second Loan and seized "millions of dollars," all the money in the Beyrers' corporate and personal accounts. *Id.* ¶¶ 46, 48. Cross-Plaintiffs contend that CSB should have executed Mr. Savoree's personal guarantee and used the proceeds to offset any amount owed on the Second Loan. *Id.* ¶ 49. Cross-Defendants failed to make an accounting of the foreclosure. *Id.* ¶¶ 51, 57.

On September 11, 2008, the Beyrers filed personal Chapter 7 bankruptcy. *Id.* ¶ 54; *see also In re Beyrer*, No. 2:08-81331-FJO-7 (Bankr. S.D. Ind. Sept. 11, 2008). CSB, Mr. Grotenhuis, and Mr. Savoree were listed as bankruptcy creditors and served with notice of the bankruptcy petition. Dkt. No. 40 ¶ 54. On December 24, 2008, all of the Beyrers' debts to Cross-Defendants were discharged in bankruptcy. *Id.* ¶ 58. Cross-Defendants failed to appear in the bankruptcy or contest the discharge. *Id.* ¶ 55. Following the bankruptcy discharge, the Beyrers continued to make premium payments on the Cincinnati Life Policy. *Id.* ¶ 60.

On June 17, 2010, Mr. Beyrer died. Dkt. No. 1-2 ¶ 18; *see also* dkt. no. 40 Answer ¶ 12. The Estate was established in Clermont County, Ohio. Dkt. No. 40 ¶ 2. Mrs. Beyrer is the Executrix of the Estate. *Id.* Cincinnati Life filed an interpleader action against CSB, Mr. Grotenhuis, and Mrs. Beyrer in Vigo County Superior Court and deposited the proceeds of the Cincinnati Life Policy, seeking a determination of the Policy's rightful claimant. Dkt. No. 1-2. Mrs. Beyrer removed to this Court. Dkt. No. 1.

On August 5, 2010, Cross-Plaintiffs filed the Cross Claim and Third Party Claim ("Cross Claim"). Dkt. No. 6. On December 19, 2010, Mr. Savoree filed a motion to intervene as a plaintiff, and the Court granted the motion. Dkt. Nos. 34–35. On January

10, 2011, Cross-Plaintiffs filed an amended Cross Claim, which is the subject of the present Motions to Dismiss.  Dkt. No. 40.

The Court includes additional facts below as needed.

## II.  STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not to resolve the case on its merits.  *See Triad Assoc., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully."  *Id.*  In evaluating a motion to dismiss, all facts in the complaint are accepted as true.  *Killingsworth*, 507 F.2d at 618; *see also Bonte v. U.S.*

*Bank, Nat'l Ass'n*, 624 F.3d 461, 463 (7th Cir. 2010). However, the Court is not required to accept as true "a legal conclusion couched as a factual allegation." *Bonte*, 624 F.3d at 465 (citing *Twombly*, 550 U.S. at 555).

"[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal quotation omitted). "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, 334 F. App'x 758, 759 (7th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (instructing that one of the "key questions" is "how much detail realistically can be given . . . about the nature and basis or grounds of the claim."). "Although *Twombly* and *Iqbal* require that a complaint in federal court allege facts sufficient to show that the case is plausible, they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories." *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (internal citations omitted).

## III.  DISCUSSION

### A.  BANKRUPTCY AND JUDICIAL ESTOPPEL

The Savorees contend that all claims against them should be dismissed under the doctrine of judicial estoppel based on the Beyrers' previous position in their bankruptcy

proceeding and failure to list the Savorees on the bankruptcy schedule.[2]  Judicial estoppel

is designed to "prevent the perversion of the judicial process" and should "be applied where

intentional self-contradiction is being used as a means of obtaining unfair advantage in a

forum designed for suitors seeking justice."  *In re Cassidy*, 892 F.2d 637, 641 (7th Cir.

1990) (internal citations omitted).  "It should not be used where it would work an injustice,

such as where the former position was the product of inadvertence or mistake, or where

there is only an appearance of inconsistency between the two positions but both may be

reconciled."  *Id.* at 642 (internal citations omitted).  Whether to apply estoppel is within the

Court's sound discretion.  *Id.*

In the bankruptcy arena, it is well-established that "a debtor who conceals a legal

claim and denies owning the asset in bankruptcy is judicially estopped from later pursuing

that claim to the debtor's personal benefit."  *Matthews v. Potter*, 316 F. App'x 518, 522 (7th

Cir. 2009); *see also ISTA Ins. Trust v. Loveland*, No. IP99-1506, 2001 WL 548403, at *3

(S.D. Ind. Apr. 10, 2001) (Tinder, J.); *Schlosser v. Bank of W. Ind.*, 589 N.E.2d 1176, 1180

(Ind. Ct. App. 1992); *Myler v. Am. Concrete Co., Inc.*, 567 N.E.2d 831, 832–33 (Ind. Ct.

App. 1991).  "[B]ankruptcy law imposes upon one seeking its benefits the positive duty to

schedule for the benefit of creditors all his interest and property rights."  *In re Hannan*, 127

F.2d 894, 897 (7th Cir. 1942).  In some cases, the Seventh Circuit allows the required

---

[2]  For purposes of evaluating this claim, the Court takes judicial notice of the Beyrers' bankruptcy filing, 2:08-81331-FJO-7, of September 11, 2008 in the U.S. Bankruptcy Court for the Southern District of Indiana, and the schedules filed thereunder.  *Accord. In re marchFIRST, Inc.*, No. 08-CV-121, 2008 WL 4287634, at *1 (N.D. Ill. Sept. 12, 2008) (citing *Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998)) (allowing judicial notice of bankruptcy proceeding as matter of public record); *see also* FED. R. EVID. 201(b) (court may take judicial notice of facts that are "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").  Judicial notice of this material does not convert the Motion into one for summary judgment.  *See Conn-Selmer Inc. v. Bamber*, No. 3:07-CV-100, 2008 WL 348774, at *4 n.1 (N.D. Ind. Feb. 7, 2008) (citing *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003)).

disclosure to be made to the bankruptcy trustee, even when a claim is omitted from the filed bankruptcy schedules. *Matthews*, 316 F. App'x at 523.

In this case, the Beyrers listed[3] a "[c]laim against Mark Savoree, Stanton Grotenhuis, and Casey State Bank for fraud" for an "unknown" value as an asset in their bankruptcy filing. Schedule B–Personal Property (Dkt. No. 4-1) at 7, *In re Beyrer*, No. 2:08-81331-FJO-7 (Bankr. S.D. Ind. Sept. 12, 2008). The Beyrers did not disclose any other pending litigation or possible legal claims. *See generally id.* All Cross-Defendants were listed as creditors and did not object to the bankruptcy discharge. Dkt. No. 40 ¶¶ 54–55. The bankruptcy trustee reported no distribution to the Court, and the action was declared a "no asset case." *See In re Beyrer*, No. 2:08-81331-FJO-7, at dkt nos. 40–41 (Bankr. S.D. Ind. Feb. 23, 2009).

The Court concludes that judicial estoppel is appropriate in this case only as to the claims brought against Ms. Savoree. The bankruptcy schedule listed no claims against her. *See generally* Schedule B–Personal Property (Dkt. No. 4-1), *In re Beyrer*, No. 2:08-81331-FJO-7 (Bankr. S.D. Ind. Sept. 12, 2008). Although Ms. Savoree was listed as a creditor, the bankruptcy filings did nothing to put her on notice individually as to potential legal claims against her. *See id.* Because Cross-Plaintiffs failed to disclose a claim against Mrs. Savoree in their bankruptcy filings, Cross-Plaintiffs are judicially estopped from now pursuing such a claim for their personal benefit. *Accord. Matthews*, 316 F. App'x at 522.

Although the claims against Ms. Savoree are precluded by judicial estoppel, the

---

[3] The section in question asked the Beyrers to disclose "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims [and g]ive estimated value of each." Schedule B–Personal Property (Dkt. No. 4-1) at 7, *In re Beyrer*, No. 2:08-81331-FJO-7 (Bankr. S.D. Ind. Sept. 12, 2008).

Court concludes that the claims against all other Cross-Defendants are not precluded. Even though the Beyrers' stated that the value of potential claims against Mr. Savoree, Mr. Grotenhuis, and Casey State Bank was "unknown," there is no evidence that the Beyrers attempted to conceal either the existence or value of these claims from the bankruptcy trustee. The Beyrers' statement in their bankruptcy filing is sufficient to at least put all involved on notice of the claims, and the Court concludes that it would "work an injustice" to preclude all of Cross-Plaintiffs' claims when the Beyrers' position in bankruptcy is not necessarily inconsistent with Cross-Plaintiffs' position here. *See In re Cassidy*, 892 F.2d at 642. As such, the Court declines to apply judicial estoppel to preclude Cross-Plaintiffs' claims against Mr. Savoree, CSB, and Mr. Grotenhuis.

## B. FAILURE TO INCLUDE DEMAND FOR RELIEF

Cross-Defendants contend that Cross-Plaintiffs' entire Complaint must be dismissed because each claim does not contain an individual demand for relief sought as required by Federal Rule of Civil Procedure 8(a)(3) ("Rule 8(a)(3)"). Rule 8(a)(3) states that "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought[.]" FED. R. CIV. P. 8(a)(3). However, "the demand is not itself a part of the plaintiff's claim, and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal" for failure to state a claim. *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002).

Turning to Cross-Plaintiffs' Complaint, the request for an accounting clearly includes a demand for relief. Dkt. No. 40 ¶ 94 ("Wherefore, Mrs. Beyrer . . . and the estate of Kevin Beyrer request the Court order an accounting and/or audit of all the financial affairs between the Parties."). The other individual claims do not contain individual demands for

relief. *See generally id.* ¶¶ 63–92. Instead, the Complaint ends with a general prayer for relief requesting a declaration that the life insurance is Mrs. Beyrer's property, compensatory and punitive damages, attorney's fees, and other appropriate relief. *See id.* at 16. Although it is common practice to plead the relief requested under each count, "a pleader need only make one demand for relief regardless of the number of claims he asserts." *Concerned Tenants Ass'n of Indian Trails Apts. v. Indian Trails Apts.*, 496 F. Supp. 522, 525 (N.D. Ill. 1980), *superseded by statute on other grounds as stated in Moreno v. Consol. Rail Corp.*, 99 F.3d 782, 790 (6th Cir. 1996); *see also Dadian v. Vill. of Wilmette*, No. 98-C-3731, 1999 WL 299887, at *2 (N.D. Ill. May 4, 1999) (approving of prayer for relief placed at end of complaint). The Court concludes that Cross-Plaintiffs have pled the demand for relief sufficiently. *Accord. Bontkowski*, 305 F.3d at 762.

## C. DUTY OWED TO THE BEYRERS

Cross-Defendants contend that, as to Cross-Plaintiffs' claims for negligence and breach of fiduciary duty, Cross-Defendants owed no duty to Cross-Plaintiffs as a matter of law. Cross-Plaintiffs argue that, at a minimum, Cross-Defendants owed Cross-Plaintiffs a duty of good faith and fair dealing. Additionally, Cross-Plaintiffs contend that Cross-Defendants were in a fiduciary relationship with the Beyrers and, therefore, should be held to the higher standard of care required of fiduciaries. The existence of a duty is a question of law for the Court to determine. *In re Greenwood Air Crash*, 924 F. Supp. 1511, 1516 (S.D. Ind. 1995) (Tinder, J.) (citing *Claxton v. Hutton*, 615 N.E.2d 471, 474 (Ind. Ct. App. 1993)).

The Court first examines the allegations made against Mr. Grotenhuis to determine

whether Cross-Plaintiffs have alleged sufficiently that he owed them a duty. The Complaint states that "Mr. Grottenhuis [sic] . . . had a duty to allow Mr. Beyrer to enjoy a portion of the Life Insurance Policy prior to his death as he was disabled but blocked Mr. Beyrer from enjoying the same." Dkt. No. 40 ¶ 65. However, this is a legal conclusion which the Court is not required to accept absent factual support. *See Bonte*, 624 F.3d at 465 (citing *Twombly*, 550 U.S. at 555). Cross-Plaintiffs have pled no facts indicating any relationship at all between Mr. Grotenhuis and Cross-Plaintiffs apart from CSB having assigned the life insurance to Mr. Grotenhuis. *See generally* dkt. no. 40. Cross-Plaintiffs also have alleged a connection between Mr. Grotenhuis and the Savoree Companies, *id.* ¶ 6, but this is insufficient for a duty to arise absent some more direct connection to Cross-Plaintiffs. *See Bowling v. Holdeman*, 413 N.E.2d 1010, 1014 (Ind. Ct. App. 2010) ("[A] corporate officer, stockholder, director, agent or employee is not personally liable . . . merely because of his office or holdings. Some additional connection with the tort is required."). Similarly, Mr. Grotenhuis is not liable for the actions of CSB merely based on his status as a shareholder, officer, or even employee of CSB. *Accord id.* In short, Cross-Plaintiffs have not alleged sufficient facts showing that Mr. Grotenhuis owed them any duty at all, either a fiduciary duty or a duty sufficient for negligence liability. Therefore, Cross-Defendants' Motion to Dismiss must be **GRANTED** as to Cross-Plaintiffs' negligence and breach of fiduciary duty claims against Mr. Grotenhuis.

The Court next considers whethers Cross-Plaintiffs have pled a duty owed by CSB. "A fiduciary duty does not exist between a lender and a borrower unless certain facts exist which establish a relationship of trust and confidence between the two." *Paulson v. Centier Bank*, 704 N.E.2d 482, 490 (Ind. Ct. App. 1998). To prove a confidential relationship, it

must be shown that "confidence is reposed by one party in another with resulting superiority and influence exercised by the other." *Id.* "Not only must there be confidence by one party in the other, but the party reposing the confidence must also be in a position of inequality, dependence, weakness, or lack of knowledge." *Id.* In this case, Cross-Plaintiffs have not pled any facts indicating that the Beyrers lacked knowledge or were dependant on CSB's knowledge or expertise when entering into the transactions at issue. Cross-Plaintiffs do plead reliance on Mr. Savoree's expertise as to Mr. Beyrer's qualifications for a Ford franchise. Dkt. No. 40 ¶¶ 27–29, 35–36. However, Cross-Plaintiffs plead no facts suggesting that they placed any similar confidence or reliance on CSB. Cross-Plaintiffs also state that "CSB . . . was in a fiduciary relationship with [the Beyrers] relative to its treatment and obligations with Mr. Savoree's deposits and guarantees and was obligated as a fiduciary to protect [the Beyrers'] interest relative to Mr. . . . Savoree's loan guarantee and/or commitments." *Id.* ¶ 50. However, in addition to being a legal conclusion that the Court is not required to accept, these pleading statements fail to overcome the general presumption that lenders do not owe fiduciary duties to borrowers. *See Bonte*, 624 F.3d at 465 (citing *Twombly*, 550 U.S. at 555); *Paulson*, 704 N.E.2d at 490. As to a possible duty of good faith and fair dealing, Indiana law only applies such a duty in limited circumstances not present here. *See Allison v. Union Hosp., Inc.*, 883 N.E.2d 113, 123 (Ind. Ct. App. 2008) (imposing duty of good faith and fair dealing only employment contracts, insurance contracts, and where expressly included in contract at issue). The Court concludes that Cross-Plaintiffs have not alleged sufficient facts indicating that CSB owed them a duty, and therefore CSB's Motion to Dismiss must be **GRANTED** as to Cross-Plaintiffs' claims of negligence and breach of fiduciary duty against CSB.

13

Lastly, the Court considers whether Cross-Plaintiffs have pled a duty owed by Mr. Savoree. Construing all the facts in the light most favorable to Cross-Plaintiffs, *accord. Killingsworth*, 507 F.2d at 618, the Court concludes that Cross-Plaintiffs' have pled facts giving rise to a potential fiduciary duty owed by Mr. Savoree. Specifically, Cross-Plaintiffs have pled that Mr. Beyrer relied on Mr. Savoree's expertise regarding qualifications for a Ford franchise. Dkt. No. 40 ¶¶ 7, 10, 27–29, 35–36. Mr. Savoree contends that, in order for a fiduciary duty to be present, he must have "accept[ed] the responsibility, accept[ed] the trust of the other party[.]" Dkt. No. 50 at 11 (citing *Pommier v. Peoples Bank Marycrest*, 967 F.2d 1115, 1119 (7th Cir. 1992)). However, the Court has not found any authority suggesting that this requirement exists under Indiana law.[4] Given Cross-Plaintiffs' pleadings regarding reliance on Mr. Savoree's expertise, the Court concludes at this stage that Mr. Savoree's Motion to Dismiss must be **DENIED** as to Cross-Plaintiffs' claims of negligence and breach of fiduciary duty. *Accord. Paulson*, 704 N.E.2d at 490.

## D. SUFFICIENCY OF FRAUD ALLEGATIONS

Cross-Defendants contend that Cross-Plaintiffs' claims for constructive fraud, actual fraud, promissory estoppel/unjust enrichment, and conspiracy fail the heightened pleading standard for allegations of fraud under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). It is undisputed that the constructive and actual fraud claims are subject to heightened Rule 9(b) pleading standards. *See* FED. R. CIV. P. 9(b). Cross-Defendants contend that the promissory estoppel/unjust enrichment and conspiracy claims also should be subject to

---

[4] *Pommier* addressed fiduciary duties under Illinois, not Indiana, law. *See generally* 967 F.2d at 1119–20.

Rule 9(b) as claims that sound in fraud. A claim "premised upon a course of fraudulent conduct" can implicate Rule 9(b)'s heightened pleading requirements, and whether a particular claim constitutes an "averment of fraud" is a fact-specific inquiry. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Evaluating the allegations in the Complaint, the Court concludes that Cross-Plaintiffs' promissory estoppel/unjust enrichment claim sounds in fraud.[5] *See* dkt. no. 40 ¶¶ 84, 86. Additionally, because the conspiracy claim seeks to impose liability for "the wrongful and unlawful acts . . . set forth in the [Complaint]," *id.* ¶ 92, including previous allegations of fraud, the Court concludes that heightened Rule 9(b) pleading requirements also apply to the conspiracy claim. *See Borsellino*, 477 F.3d at 507 (collecting cases for the proposition that claim of civil conspiracy to commit fraud falls under Rule 9(b)). Having concluded that Cross-Plaintiffs' claims for actual fraud, constructive fraud, promissory estoppel/unjust enrichment, and conspiracy are subject to Rule 9(b)'s heightened pleading requirements, the Court now turns to whether the Complaint meets Rule 9(b)'s requirements.

Rule 9(b) requires that, when pleading a claim sounding in fraud, "a party must state with particularity the circumstances constituting fraud[.]" FED. R. CIV. P. 9(b). Heightened pleading "discourage[s] a 'sue first, ask questions later' philosophy" in fraud cases. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, No. 10-1686, 2011 WL 183163, at *4 (7th Cir. Jan. 21, 2011). In addition, heightened pleading is necessary "because of the potential stigmatic injury that comes with alleging fraud and the

---

[5] Indeed, Indiana law always requires that promissory estoppel claims be pled with particularity. *Norwest Bank, N.A. v. Fed. Kemper Life Ins. Co.*, 110 F. Supp. 2d 774, 778 (N.D. Ind. 2000) (citing *Holloway v. Giganti, Inc.*, 540 N.E.2d 97, 100 (Ind. Ct. App. 1989)); *see also N. Ind. Pub. Serv. Co. v. Dabagia*, 721 N.E.2d 294, 299 (Ind. Ct. App. 1999); *Bee Window, Inc. v. Turman*, 716 N.E.2d 498, 501 (Ind. Ct. App. 1999).

concomitant desire that such fraught allegations are not lightly leveled." *Id.* Although "particularity" is somewhat flexible, a plaintiff ordinarily must identify the person who made the misrepresentation; the time, place, and content of the misrepresentation; and the way in which the misrepresentation was communicated to the plaintiff. *Gen Elec. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997); *see also Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998). Fraud may be pled based "on information and belief . . . so long as (1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides the grounds for his suspicions." *Pirelli Armstrong*, 2011 WL 183163, at *4 (citing *Uni\*Quality, Inc. v. Infotronix, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992); *see also Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992)).

As an initial matter, the Court notes that Cross-Plaintiffs' claims of actual fraud and promissory estoppel/unjust enrichment do not plead any elements of a cause of action against Mr. Grotenhuis. *See* dkt. no. 40 ¶¶ 78–87. Additionally, as discussed above, Cross-Plaintiffs do not plead sufficient facts to give rise to a fiduciary duty owed to them by Mr. Grotenhuis or CSB, destroying any claim against Mr. Grotenhuis or CSB for constructive fraud. *See, e.g.*, *Town & Country Homectr. of Crawfordsville, Ind., Inc. v. Woods*, 725 N.E.2d 1006 (Ind. Ct. App. 2000) (citing *Wells v. Stone City Bank*, 691 N.E.2d 1246, 1250–51 (Ind. Ct. App. 1998)) (requiring "a duty existing by virtue of the relationship between the parties" for constructive fraud). Although the pleading party may, as a result of a Motion for More Definite Statement, correct a vague or ambiguous pleading, *see* FED. R. CIV. P. 12(e), the Court will not permit Cross-Plaintiffs to add new causes of action or reassert causes of action against particular defendants. Therefore, Mr. Grotenhuis's

Motion to Dismiss is **GRANTED** as to the constructive fraud, actual fraud, and promissory estoppel/unjust enrichment claims, and CSB's Motion to Dismiss is **GRANTED** as to the constructive fraud claim. The discussion that follows concerns only the remaining fraud-based claims.

Turning to the allegations in the Complaint and accepting all factual assertions as true, *see Killingsworth*, 507 F.2d at 618, the Court concludes that the Complaint fails to meet Rule 9(b)'s particularity requirement. Cross-Plaintiffs have pled the content of the alleged misrepresentations very generally, giving little, if any, detail to assist Cross-Defendants in responding. *See* dkt. no. 40 ¶¶ 28–31, 36, 40. However, the Complaint fails to describe who made particular misrepresentations,[6] the time and place of the misrepresentations, or the method in which the misrepresentations were communicated. Omission of these necessary factual allegations makes it nearly impossible to Cross-Defendants to prepare an adequate defense to Cross-Plaintiffs' allegations and renders the Complaint deficient under Rule 9(b). *Accord. Gen. Elec. Corp.*, 128 F.3d at 1078. However, as discussed below, these pleading deficiencies may be cured by a more definite statement and, therefore, the Court declines to dismiss the claims outright. *Accord. Vincent v. City Colls. of Chi.*, 485 F.3d 919, 924 (7th Cir. 2007).

---

[6] This is particularly problematic in the case of CSB, which can make representations only through its agents; the Complaint gives no indication of which, if any, agent of CSB made misrepresentations.

## E.  STATUTE OF LIMITATIONS

Cross-Defendants contend that Cross-Plaintiffs' claims of negligence, conversion/theft, breach of fiduciary duty, and promissory estoppel/unjust enrichment are precluded by Indiana's two-year statute of limitations for personal injury actions.  *See* IND. CODE § 34-11-2-4 (2010).  However, Cross-Plaintiffs contend that the claims are still within the statute of limitations, either because the limitations period has yet to run or because the statute of limitations has been tolled as a matter of law due to application of the doctrines of discovery, concealment, or continuing violation or wrong.  For purposes of the statute of limitations inquiry, the Court uses August 5, 2010, the date of the first filing of the Cross Claim, as the applicable filing date.  *See, e.g., Estate of Davis v. Wells Fargo Bank*, No. 10-1549, 2011 WL 93030, at *1 (7th Cir. Jan. 12, 2011) (using date of lawsuit filing).  The parties agree that Indiana law governs the statute of limitations inquiry.

A motion to dismiss may be granted when a plaintiff "has pled facts which establish a statute of limitations defense as a matter of law."  *Viera v. Eli Lilly & Co.*, No. 09-CV-495, 2010 WL 3893791, at *5 n.3 (S.D. Ind. Sept. 30, 2010) (Young, C.J.) (citing *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)).  It is undisputed that negligence, conversion, and breach of fiduciary duty are covered under Indiana Code Section 34-11-2-4 and, therefore, are generally subject to a two-year statute of limitations.  *See KnowledgeAZ, Inc. v. Jim Walters Res., Inc.*, 617 F. Supp. 2d 774, 785 (S.D. Ind. 2008) (conversion and breach of fiduciary duty); *Page v. Hines*, 594 N.E.2d 485, 487 (Ind. Ct. App. 1992) (negligence).  Therefore, absent some exception, the statute of limitations precludes claims based on events occurring before August 11, 2008.  *Accord.* IND. CODE § 34-11-2-4 (2010).

The Court dismisses the notion that Mr. Beyrer's terminal cancer plays any role in

tolling applicable statutes of limitations. Illness is not recognized as a legal disability under Indiana law. *See* IND. CODE § 1-1-4-5(24) (2010) (defining legal disabilities as minority, mental incompetence, and being "out of the United States."); *see also Hurt v. W. Lafayette Cmty. Sch. Corp.*, 450 F. Supp. 2d 900, 904 (N.D. Ind. 2006) (requiring evidence that plaintiff is "of unsound mind" to toll statute of limitations disability based on incompetence). Cross-Plaintiffs have pled no facts indicating that Mr. Beyrer's cancer rendered him of unsound mind, and, therefore, his cancer does not qualify as a legal disability for tolling purposes. *Accord. Hurt*, 450 F. Supp. 2d at 904.

In addition, the Court rejects Cross-Plaintiffs' contention that the remaining claims against Mr. Grotenhuis are tolled due to his status as a non-resident of Indiana lacking an agent for service of process. *See* IND. CODE § 34-11-4-1 (2010). Mr. Grotenhuis's residency status has not been alleged. *See generally* dkt. no. 40; *see also* dkt. no. 1-2 (original interpleader complaint in this action). Additionally, this tolling provision does not apply to defendants who have never been residents of Indiana—*see Sinclair v. Gunzenhauser*, 98 N.E. 37, 54 (Ind. 1912)—and the Complaint contains no allegations that Mr. Grotenhuis ever resided in Indiana. *See generally* dkt. no. 40. Therefore, the Court concludes that Indiana Code Section 34-11-4-1 does not apply to Cross-Plaintiffs' claims against Mr. Grotenhuis.

## 1. DISCOVERY RULE

Cross-Plaintiffs first contend that under the discovery rule, the statute of limitations should be tolled until Cross-Plaintiffs could have discovered the underlying fraud with the exercise of reasonable diligence, which Cross-Plaintiffs contend was after the bankruptcy

discharge. Under Indiana law, a cause of action begins to accrue and the statute of limitations begins to run "when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992); *see also Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 (7th Cir. 2002). The Indiana Supreme Court has incorporated the discovery rule into the *Wehling* test. *Wehling*, 586 N.E.2d at 842. "Indiana does not require that a plaintiff uncover the legal theory for holding a defendant liable for the action to accrue. Rather, the plaintiff must only be aware that the defendant caused him injury." *Frey v. Bank One*, 91 F.3d 45, 47 (7th Cir. 1996).

Under the *Wehling* test, Cross-Plaintiffs' claim that Mr. Grotenhuis violated the automatic bankruptcy stay has been brought within the statute of limitations.[7] *See* dkt. no. 40 ¶¶ 54–56. The automatic bankruptcy stay began on September 11, 2008, the date of the Beyrers' bankruptcy filing. *See* 11 U.S.C. § 362(a) (2010). Therefore, just under twenty-three months passed between the earliest possible date of injury and initial filing of the Cross Claim, less than the two years permitted under the statute of limitations. The Court concludes that Cross-Plaintiffs' claim for violation of the bankruptcy stay has been brought within the limitations period.

As to Cross-Plaintiffs' claims regarding seizure of the Beyrers' assets in May 2008, the Court concludes that the Complaint does not establish a statute of limitations defense as a matter of law. *See Viera*, 2010 WL 3893791, at *5 n.3. If Cross-Plaintiffs knew or should have known in May 2008 that the assets had been seized, the statute of limitations

---

[7] Because the Court has not found any precedent regarding the statute of limitations for bringing this type of claim, the Court will apply the two-year statute of limitations applicable to general claims of personal injury under Indiana law. *See* IND. CODE § 34-11-2-4 (2010).

would bar claims resulting from the seizure. However, the Complaint states that the Beyrers "did not learn of CSB's action until checks started bouncing" with no indication as to when that knowledge was obtained. Dkt. No. 40 ¶¶ 46–47. Drawing all reasonable inferences in favor of Cross-Plaintiffs, *accord. Killingsworth*, 507 F.2d at 618, the Court concludes that the Complaint does not establish a statute of limitations defense to claims based on the asset seizure as a matter of law under the *Wehling* rule.

In contrast, some of Cross-Plaintiffs' claims are outside the statute of limitations under the *Wehling* test. Cross-Plaintiffs state that, prior to CSB's seizure of the Beyrers' assets in May 2008, the disability benefit of the Cincinnati Life Policy became payable by virtue of Mr. Beyrer's terminal cancer, and Cross-Defendants failed to allow payment. *See* dkt. no. 40 ¶¶ 23, 46, 52. Therefore, Cross-Plaintiffs knew of an injury caused by failure to hand over the disability benefit proceeds no later than May 2008, more than two years prior to their filing of the Cross Claim on August 11, 2010, and, accordingly, all legal claims against Cross-Defendants for failure to surrender the disability benefit proceeds are barred under the statute of limitations. *See* IND. CODE § 34-11-2-4 (2010). Additionally, because the First Loan was paid off on January 28, 2008, dkt. no. 40 ¶ 40, any injury resulting from the signing of the First Loan falls outside the statute of limitations as well. *See* IND. CODE § 34-11-2-4 (2010). Absent some successful ground for tolling the statute of limitations, Cross-Plaintiffs' claims for negligence, conversion/theft, breach of fiduciary duty, and promissory estoppel/unjust enrichment are time barred to the extent they rely on either injuries caused by failure to surrender the disability benefit proceeds upon Mr. Beyrer's cancer diagnosis or Cross-Defendants' conduct as to the First Loan.

21

## 2. CONCEALING AN ACTION EXCEPTION

Cross-Plaintiffs contend that, alternatively, the statute of limitations should be tolled until discovery of the fraud at issue in this case because Cross-Defendants "concealed" the fraud.  Under Indiana Code Section 34-11-5-1, "if a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after discovery of the cause of action."  In other words, "a defendant was has prevented a plaintiff from discovering an otherwise valid claim, by violation of duty or deception, is estopped from raising a statute of limitations defense." *Garneau v. Bush*, 838 N.E.2d 1134, 1142 (Ind. Ct. App. 2005) (citing *Halbe v. Weinberg*, 717 N.E2d 876, 882 (Ind. 1999)).  Under the "fraudulent concealment" doctrine, a defendant's conduct "must be calculated to mislead and hinder plaintiff from obtaining information by the use of diligence, or to prevent injury or investigation." *Monger v. Purdue Univ.*, 953 F. Supp. 260, 265 (S.D. Ind. 1997) (McKinney, J.) (citing *Hildebrand v. Hildebrand*, 736 F. Supp. 1512, 1523 (S.D. Ind. 1990)).  Although failure to disclose confidential information may constitute fraudulent concealment when a fiduciary or confidential relationship exists between the plaintiff and the defendant, the concealment otherwise "must be active and intentional." *Id.*  When using the fraudulent concealment doctrine to toll the statute of limitations, "the plaintiff is charged with the responsibility of exercising due diligence to discover the claims." *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559, 563 (Ind. 1993).

In this case, even viewing all factual material in the light most favorable to Cross-Plaintiffs, *accord. Killingsworth*, 507 F.2d at 618, Cross-Plaintiffs have not pled sufficient facts for the fraudulent concealment doctrine to apply to all Cross-Defendants.  As

discussed above, neither Mr. Grotenhuis nor CSB owed a fiduciary duty to the Beyrers, and, therefore, active and intentional concealment is required. *Accord. Monger*, 953 F. Supp. at 265. Cross-Plaintiffs have pled no facts that, even taken in the light most favorable to Cross-Plaintiffs, would allow the inference that Mr. Grotenhuis or CSB "concealed" the existence of a potential fraud claim. However, as to the claims against Mr. Savoree, the Court concludes that Cross-Plaintiffs have pled sufficient facts that the fraudulent concealment doctrine could apply. *See* dkt. no. 40 ¶¶ 7, 9–10, 27–39, 49. Therefore, Mr. Savoree's Motion to Dismiss must be **DENIED** as to the statute of limitations argument. *Accord. Viera*, 2010 WL 3893791, at *5 n.3.

### 3. DOCTRINE OF CONTINUING WRONG

Having concluded that neither the discovery rule nor the fraudulent concealment doctrine tolls the statute of limitations for certain claims, the Court turns to examine whether Cross-Plaintiffs' claims against Mr. Grotenhuis and CSB can be tolled under the doctrine of continuing wrong. "The doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury." *Garneau*, 838 N.E.2d at 1143. In order to use the doctrine of continuing wrong, a plaintiff must show that the alleged injury-producing conduct was of a continuous nature. *Id.* When the doctrine of continuing wrong attaches, the limitations period begins to run at the end of the continuing wrongful act. *Id.* However, the doctrine of continuing wrong "will not prevent the statute of limitations from beginning to run when the plaintiff learns of facts which should lead to the discovery of his cause of action even if his relationship with the tortfeasor continues beyond that point." *Id.* at 1145 (quoting *Parks v. Madison Cnty.*, 783 N.E.2d 711, 719 (Ind. Ct. App. 2002)).

23

As discussed above, as a general matter, claims against Mr. Grotenhuis and CSB related to failure to hand over the disability benefit proceeds upon Mr. Beyrer's diagnosis and conduct relating to the issuance of the First Loan are barred by the statute of limitations. In both instances, it is clear to the Court that neither is appropriate for the application of the doctrine of continuing wrong. With regards to the First Loan, the conduct is not continuing—it ended at the point when the First Loan was issued on approximately March 1, 2007, still well outside the limitations period. *See* dkt. no. 40 ¶ 16. As to the failure to surrender the disability benefit proceeds, Cross-Plaintiffs run into the same problem as with the discovery rule: one learns about the failure to surrender the disability benefit proceeds when the proceeds are supposed to be distributed, which in this case was sometime prior to May 2008. *See id.* ¶¶ 23, 46, 52. The doctrine of continuing wrong does not apply to these claims, *accord. Garneau*, 838 N.E.2d at 1143–45, and, therefore, CSB's Motion to Dismiss must be **GRANTED** insofar as Cross-Plaintiffs' claims for negligence, conversion/theft, breach of fiduciary duty, and promissory estoppel/unjust enrichment rely on either failure to surrender the disability benefit proceeds when Mr. Beyrer became terminal or conduct connected with issuance of the First Loan.

## F. GENERAL COMPLIANCE WITH RULE 8

The Savorees make a more general argument that the Complaint as a whole fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8"). Under Rule 8, each claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard requires pleading of all legal elements of a given claim, as well as "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. 544, 570 (2007). Due to the complexity of the arguments being made by Cross-Defendants and in the interest of clarity, each count not previously addressed in this Order will be evaluated for compliance with Rule 8.

In the section labeled "First Claim for Relief," Cross-Plaintiffs appear to claim that they are entitled to damages based on Mr. Grotenhuis's violation of the automatic bankruptcy stay.[8] Dkt. No. 40 at ¶ 56. Filing of a bankruptcy petition operates as an automatic stay on all pending and subsequently filed litigation against the debtor, and "an individual injured by any willful violation of a stay . . . shall recover actual damages . . . and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362 (2010). This cause of action may be properly brought in a district court even after the bankruptcy itself has been closed. *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991). To establish that violation of an automatic stay is willful, the plaintiff must establish that the alleged violator knew about the bankruptcy. *Id.* at 832. However, specific intent to violate the stay is not required. *Ind. Dep't of Revenue v. Williams*, 301 B.R. 871, 878 (S.D. Ind. 2003) (Hamilton, J.). In this case, Cross-Plaintiffs have pled that Mr. Grotenhuis was served with notice of the bankruptcy, did not appear in the bankruptcy, and continued to pursue claims against the Beyrers in state court following notice of the bankruptcy. Dkt. No. 40 ¶¶ 54–56. Taking all factual statements as true and construing the Complaint in the light most favorable to Cross-Plaintiffs, *accord. Killingsworth*, 507 F.2d at 618, the Court concludes that Cross-Plaintiffs have stated a claim for violation of the automatic bankruptcy stay

---

[8] The "First Claim for Relief" section of the Complaint appears to combine the claim for violation of the automatic stay with numerous factual assertions relevant to other legal claims in the Complaint. To the extent the "First Claim for Relief" section attempts to state any causes of action other than violation of the bankruptcy stay, the Court concludes that the Complaint is too unclear to provide Cross-Defendants sufficient notice of those claims. *See Brooks*, 578 F.3d at 581.

against Mr. Grotenhuis.

Turning to Cross-Plaintiffs allegations of conversion/theft, the Court first notes that, as discussed above, any claims against Mr. Grotenhuis and CSB based on either failure to surrender the disability benefit proceeds upon Mr. Beyrer's terminal cancer diagnosis or conduct connected to the issuance of the First Loan are barred by Indiana's two-year statute of limitations for personal injury claims.  However, to the extent that Cross-Plaintiffs' conversion/theft claim is not time barred, Cross-Plaintiffs must demonstrate that Cross-Defendants "exert[ed] unauthorized control over property of another[.]" IND. CODE § 35-43-4-3 (2010).  Cross-Plaintiffs clearly plead that CSB exerted unauthorized control over the Beyrers' property by seizing their accounts.  Dkt. No. 40 ¶¶ 46, 48.  Additionally, the combination of pleaded facts permits an inference that Mr. Grotenhuis currently exercises control over the life insurance, which Cross-Plaintiffs contend belongs to Mrs. Beyrer.  *Cf. id.* ¶¶ 23, 49, 56.  However, Cross-Plaintiffs plead no facts indicating that Mr. Savoree controls or has controlled any of the Beyrers' property.  Although Cross-Plaintiffs state a legal conclusion that "during the processing of the sale of the Savoree companies and/or during the foreclosure Mr. Savoree obtained unauthorized control over property of the Beyrers," *id.* ¶ 69, they plead no facts to support that legal conclusion such that the Court must accept it.  *See Bonte*, 624 F.3d at 465 (citing *Twombly*, 550 U.S. at 555).  Therefore, the Court **GRANTS** Mr. Savoree's Motion to Dismiss as to Cross-Plaintiffs' conversion/theft claim.

In the eighth count, Cross-Plaintiffs allege breach of contract against CSB and the Savorees.  Dkt. No. 40 ¶¶ 88–90.  As Cross-Plaintiffs do not state any legal claims against Mr. Grotenhuis in this count, the Court **GRANTS** the Motion to Dismiss in his favor on this

count.  As to the other Cross-Defendants, Cross-Plaintiffs must plead facts sufficient to show the existence of a contract, Cross-Defendants' breach thereof, and damages.  *Rice v. Hulsey*, 829 N.E.2d 87, 89 (Ind. Ct. App. 2005).  Cross-Plaintiffs clearly have met these requirements with CSB—there was a contract with CSB regarding loans to the Beyrers, CSB foreclosed on the loans in an allegedly improper manner, and Cross-Plaintiffs were damaged.  Dkt. No. 40 ¶¶ 34, 40–43, 46–49.  Additionally, Cross-Plaintiffs pled a breach of contract claim sufficiently against Mr. Savoree for failure to fulfill his obligations with the loan guarantees.  *Id.* ¶¶ 3, 13, 39–40, 49.  As such, the Court **DENIES** the Motion to Dismiss on this claim as to CSB and Mr. Savoree.

In their final unnumbered count, Cross-Plaintiffs request an accounting "of all the financial affairs between the Parties."  Dkt. No. 40 ¶¶ 93–94.  "An action for an accounting is equitable in nature with the purpose of adjusting the account of the litigants and of rendering complete justice in a single action."  *Vickers v. Henry Cnty. Sav. & Loan Ass'n*, 827 F.2d 228, 232 (7th Cir. 1987).  In order to be entitled to an accounting, Cross-Plaintiffs must show a "fiduciary or trust relationship."  *See Kentuckiana Healthcare v. Fourth St. Solutions, LLC*, No. 4:04-cv-22, 2007 WL 968754, at *10 (S.D. Ind. Mar. 22, 2007) (Hamilton, J.) (citing *Kimes v. City of Gary*, 66 N.E.2d 888, 893 (Ind. 1946)).  A mere debtor-creditor relationship is insufficient to compel an accounting.  *Kimes*, 66 N.E.2d at 893 (Ind. 1946).  As discussed above, Cross-Plaintiffs have not shown that Mr. Grotenhuis owed them any fiduciary duties.  As such, Cross-Plaintiffs are not entitled to an accounting from Mr. Grotenhuis.  *Accord. Kentuckiana Healthcare*, 2007 WL 968754, at *10.  Similarly, Cross-Plaintiffs have not shown that their relationship with CSB was a confidential relationship rather than the typical lender-borrower relationship such that CSB owed them

a fiduciary duty, and therefore Cross-Plaintiffs are not entitled to an accounting from CSB either. *Accord. id.* As such, CSB's Motion to Dismiss is **GRANTED** for both Mr. Grotenhuis and CSB as to Cross-Plaintiffs' request for an accounting. Because Cross-Plaintiffs have pled sufficiently a fiduciary duty owed by Mr. Savoree, the Savorees' Motion to Dismiss this count is **DENIED**.

## G. MOTIONS FOR MORE DEFINITE STATEMENT

As an alternative to the Motion to Dismiss, Cross-Defendants request that the Court require Cross-Plaintiffs to provide a more definite statement under Federal Rule of Civil Procedure 12(e), particularly as to which causes of action and requests for relief are being asserted against which Cross-Defendant. Cross-Plaintiffs request that the Court grant the Motion for More Definite Statement rather than dismissing the Complaint if pleading is found to be inadequate. A plaintiff may be required to provide a more definite statement when the pleading at issue is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). When the pleading deficiencies can be cured by a more definite statement, granting of such a motion is preferable to outright dismissal. *See Brock v. U.S. Steel Corp.*, No. 2:09-CV-344, 2010 WL 405620, at *3 (N.D. Ind. Jan. 27, 2010); *see also Vincent*, 485 F.3d at 924.

Although a motion for a more definite statement is not to be used "to obtain factual details or as a substitute for discovery," such a motion is appropriate when a plaintiff fails to adequately plead claims subject to Rule 9(b)'s heightened pleading requirements, such as fraud, or is unclear as to which defendants are being sued under which claims. *See Rosenbaum v. Seybold*, No. 1:06-CV-352, 2007 WL 1959241, at *2 (N.D. Ind. July 2,

2007). Cross-Plaintiffs' Complaint is problematic for both of these reasons. As discussed above, Cross-Plaintiffs fail to meet Rule 9(b)'s requirements on their fraud-based claims. Additionally, the Complaint is unclear as to which requests for relief are directed toward which Cross-Defendants. *See generally* dkt. no. 40 at 16. Lastly, the section of the Complaint labeled "First Claim for Relief" appears to be a combination of the factual background of the case and a claim for damages resulting from violation of the bankruptcy stay, further adding to the overall confusion. *See id.* at ¶¶ 6–62. Therefore, Cross-Defendants' alternative Motion for More Definite Statement is **GRANTED**. *Accord. Rosenbaum*, 2007 WL 1959241, at *2.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

Stanton W. Grotenhuis and Casey State Bank's Motion to Dismiss Cross Claim and Third Party Claim or, in the Alternative, Motion for More Definite Statement [Dkt. No. 43] is **GRANTED in part** and **DENIED in part**. Mark Savoree and Karen Savoree's Motion to Dismiss First Amended Cross Claim and Third Party Claim, or, in the Alternative, Motion for More Definite Statement [Dkt. No. 49] also is **GRANTED in part** and **DENIED in part**. The alternative Motions for More Definite Statement are **GRANTED**.

As to Cross-Defendant Stanton W. Grotenhuis, the Motion to Dismiss Cross Claim and Third Party Claim is **GRANTED** as to Cross-Plaintiffs' claims for negligence, breach of fiduciary duties, constructive fraud, actual fraud, promissory estoppel/unjust enrichment, breach of contract, and request for an accounting, and these claims are **DISMISSED**. In addition, all claims arising from conduct connected to the First Loan or failure to surrender

29

the disability benefit proceeds in May 2008 are **DISMISSED** against Mr. Grotenhuis as time-barred. The Motion is **DENIED** as to all other claims against Mr. Grotenhuis.

As to Cross-Defendant Casey State Bank, the Motion to Dismiss Cross Claim and Third Party Claim is **GRANTED** as to Cross-Plaintiffs' claims for negligence, breach of fiduciary duties, constructive fraud, and request for an accounting, and these claims are **DISMISSED**. In addition, all claims arising from conduct connected to the First Loan or failure to surrender the disability benefit proceeds in May 2008 are **DISMISSED** against Casey State Bank as time-barred. The Motion is **DENIED** as to all other claims against Casey State Bank.

As to Counter-Defendant Mark Savoree, the Motion to Dismiss First Amended Cross Claim and Third Party Claim is **GRANTED** as to Cross-Plaintiffs' claim for conversion/theft, and this claim is **DISMISSED**. The Motion is **DENIED** as to all other claims against Mr. Savoree.

As to Third Party Defendant Karen Savoree, the Motion to Dismiss First Amended Cross Claim and Third Party Claim is **GRANTED** in its entirety, and all claims against Ms. Savoree are **DISMISSED**.

Cross-Plaintiff Marjorie Beyrer, individually and as Executrix of the Estate of Kevin Beyrer, and Third Party Plaintiff the Estate of Kevin Beyrer are hereby **ORDERED** to file a Second Amended Cross-Claim and Third-Party Claim that satisfies the pleading requirements of the Federal Rules of Civil Procedure and Seventh Circuit case law as discussed in this Order. Amendments should be limited to satisfying the particularity requirement of Federal Rule of Civil Procedure 9(b) as to the counts of constructive fraud, actual fraud, promissory estoppel/unjust enrichment, and conspiracy; and clarifying the

demand for relief. No other amendments will be permitted absent leave of the Court. The Second Amended Cross-Claim and Third-Party Claim shall be filed no later than twenty-one (21) days from the date of this Order.

IT IS SO ORDERED this 23rd day of March 2011.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com

James Richard Myers
myers@lawgroupltd.com

Syed Ali Saeed
LAW OFFICE OF SYED ALI SAEED LLC
syed_ali_saeed@hotmail.com

John J. Scaccia
SCACCIA & ASSOCIATES, LLC
jscaccia@johnscaccialaw.com

Scott L. Starr
STARR AUSTEN & MILLER LLP
starr@starrausten.com

Heath E. Uppencamp
HELLER HOLMES & ASSOCIATES, P.C.
heath@hhlawoff.com