THE CINCINNATI LIFE INSURANCE )
COMPANY, )
      Plaintiff, )
     vs. )
                           )     No. 2:10-cv-00205-LJM-WGH
STANTON W. GROTTENHUIS, )
MARJORIE BEYRER, )
CASEY STATE BANK, )
      Defendants. )

---

MARJORIE BEYRER, individually )
and as Executrix of Estate of Kevin )
Beyrer, and ESTATE OF KEVIN )
BEYRER, )
      Cross/Counter-Plaintiffs, )
     vs. )
                           )
STANTON W. GROTTENHUIS, )
CASEY STATE BANK, )
      Cross-Defendants, )
and )
                           )
MARK SAVOREE, )
      Counter-Defendant, )

## **ORDER**

Pending before the Court are three motions requesting modification and reconsideration of the Court's September 22, 2011 Order ("Proceeds Order") [Dkt. No. 127]: cross-plaintiff's, Marjorie Beyrer ("Mrs. Beyrer"), Motion for Modification of the Court's Order of September 22, 2011 (Doc. 127) to Give Effect to the Second Paragraph of the Assignment, to Wit; The Disability Exclusion [Dkt. No. 128]; counter-defendant's, Mark Savoree ("Mr. Savoree"), Motion to Alter or Amend Order Granting Stanton W. Grotenhuis' ("Mr. Grotenhuis") Motion for Summary Judgment [Dkt. No. 140]; and Motion for

Reconsideration as to Insurance Policy Proceeds by Defendant/Cross-Plaintiff Marjorie Beyrer et al [Dkt. No. 149]. The Court has considered the Motions and rules as follows.

## I. BACKGROUND

The present Motions continue the saga of determining which party is entitled to the proceeds ("Proceeds") of Cincinnati Life Insurance Policy No. 6056474L ("Policy"). In March 2007, Kevin Beyrer ("Mr. Beyrer") applied for a life insurance policy with Cincinnati Life. Dkt. No. 127 at 2. On or about May 7, 2007, Cincinnati Life issued the Policy, naming Mr. Beyrer as the owner and Mrs. Beyrer as the primary beneficiary. *Id.* Cross-Defendant Casey State Bank ("CSB") was named as contingent beneficiary. *Id.*

Also in March 2007, Mr. Beyrer entered into an agreement with Mr. Savoree to purchase stock in various car dealerships in the Terre Haute area. *Id.* To finance the stock purchase, companies controlled by the Beyrers borrowed in excess of $3,500,000.00 in loans from CSB ("First Loan"). *Id.* Both of the Beyrers, as well as Mr. Savoree, executed personal guaranties on the First Loan. *Id.*

On July 19, 2007, Mr. Beyrer assigned the Policy to CSB ("Assignment"). *Id.* at 3, 12. In January 2008, the First Loan was restructured, leading to loans ("Second Loan") that "substantially increased" the debt from the First Loan. *Id.* at 3. The Second Loan included debts for Ronin Automotive ("Ronin"), Wabash Valley Imports ("Wabash Valley"), and the Beyrers individually, although it appears that all parties treated these debts as a whole rather than separately. *Id.* On March 10, 2008, CSB filed suit against the Beyrers in Clark County, Illinois, for failure to make required payments on the Second Loan. *Id.* CSB obtained a judgment ("IL Judgment") against the Beyrers, Ronin, and Wabash Valley. *Id.*

at 3–4. On March 26, 2008, CSB assigned its right, title, and interest in the IL Judgment, including any interest in the Policy, to Mr. Grotenhuis. *Id.* at 4. Additionally, CSB and Mr. Grotenhuis pursued judgments against Mr. Savoree relating to his guaranties.

On June 17, 2010, Mr. Beyrer passed away following a battle with terminal cancer. *Id.* On July 6, 2010, Cincinnati Life deposited the Proceeds in an interest-bearing account with the Clerk of the Vigo County Superior Court, seeking a judicial determination as to their rightful owner. *Id.* Mrs. Beyrer removed the action to this Court. Mr. Grotenhuis, Mrs. Beyrer, and Mr. Savoree all asserted an entitlement to the Proceeds. *Id.* at 5.

Both Mr. Grotenhuis and Mrs. Beyrer filed motions for partial summary judgment, seeking a determination that they were entitled to the Proceeds. *See* dkt. nos. 54, 79. On September 22, 2011, following extensive briefing from all parties, the Court issued the Proceeds Order awarding the Proceeds to Mr. Grotenhuis. Dkt. No. 127. The Court concluded that the Assignment to CSB, as well as CSB's subsequent assignment to Mr. Grotenhuis, was valid. *Id.* at 11–12. In doing so, the Court rejected Mrs. Beyrer's arguments that the Assignment was entered without valid consideration and that her status as widow-beneficiary trumped Mr. Grotenhuis's status as assignee-creditor. *Id.* at 8–11. Additionally, the Court rejected Mr. Savoree's contention that he was entitled to subrogation for the amount paid on his personal guaranties. *Id.* at 13–14.

The Court includes additional facts below as necessary.

## II.  STANDARD

To prevail on a motion to reconsider, the moving party must "clearly establish": (1) that there has been a manifest error in law or fact; or (2) that newly discovered evidence precludes entry of judgment.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (abrogated on other grounds)).  Motions for reconsideration do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).   Instead, a motion for reconsideration is "valuable" when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## III.  DISCUSSION

### A.  MRS. BEYRER'S MOTIONS

Initially, Mrs. Beyrer requests modification of the Proceeds Order to order release of $250,000 in "disability benefit" to Mrs. Beyrer, rather than Mr. Grotenhuis.   Mr. Grotenhuis contends that what Mrs. Beyrer calls a "disability benefit" is in fact an "accelerated death benefit" and, therefore, not subject to the disability benefit language of

the Assignment. In any event, Mrs. Beyrer did not argue at summary judgment that she was entitled to any portion of the Proceeds as a "disability benefit." Instead, Mrs. Beyrer contended that she was entitled to the entire Proceeds because the Assignment was invalid. *See generally* dkt. no. 80. It is well established that a motion to reconsider, however titled by the moving party, is not an opportunity to present new arguments that could have been presented previously. *Moro*, 91 F.3d at 876. Mrs. Beyrer's arguments in favor of "modification" deal solely with the language of the Assignment and, therefore, could have easily been brought either in her own motion for summary judgment or in response to Mr. Grotenhuis's motion for summary judgment. The Court concludes that Mrs. Beyrer has waived this argument and no modification to the Proceeds Order to account for "disability benefits" is warranted.

Turning to Mrs. Beyrer's motion to reconsider, Mrs. Beyrer advances two arguments. First, she argues that the Court erred in finding that consideration existed for the Assignment. Second, she contends that the Court erred in preferencing Mr. Grotenhuis, a creditor, over Mrs. Beyrer, the named beneficiary of the Policy.[1] In short, Mrs. Beyrer effectively requests that the Court re-analyze the Proceeds Order in its entirety as applied to her interests. However, Mrs. Beyrer has presented nothing to this Court clearly establishing a "manifest error" of law. *Accord. Harrington*, 433 F.3d at 546. Mere disagreement with the Court's determination is insufficient to prevail on a motion to reconsider. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party."). The Court

---

[1] Mrs. Beyrer argues that Mr. Grotenhuis should not be entitled to the Proceeds because his security interest was not properly perfected. Having not argued this at summary judgment, Mrs. Beyrer has waived this argument.

5

addressed both of these arguments extensively in the Proceeds Order, and Mrs. Beyrer cites no legal precedent invalidating the Court's previous analysis.

## B. MR. SAVOREE'S MOTION

In his motion to alter or amend the judgment, Mr. Savoree also encounters waiver problems. Mr. Savoree contends that the Court should have drawn a distinction between the restructured loan in Ronin's name and the related loans to the Beyrers and Wabash Valley. *See generally* dkt. no. 141. However, at no time during summary judgment briefing did Mr. Savoree make this distinction or request that the Court do so. *See generally* dkt. no. 75; *see also* dkt. no. 127 at 3. In support of this distinction, Mr. Savoree points to a decision in related state court litigation in Illinois that he contends has *res judicata* preclusive effect. *See* dkt. no. 141-1. However, in doing so, Mr. Savoree attempts to enter information into the record that was available at the time of summary judgment. *See id.* (opinion filed October 14, 2010). If Mr. Savoree wished the Court to consider this opinion in its judgment on Mr. Grotenhuis's request for a summary judgment giving him the Proceeds in their entirety, Mr. Savoree had an obligation to present it with his filings at the summary judgment stage. *Accord. Moro*, 91 F.3d at 876. The Court will not consider evidence that could have been presented previously and, therefore, makes no determination as to whether the Illinois state court judgment has any preclusive effect.

In addition to his waived argument regarding the *res judicata* effect of the Illinois state court judgment, Mr. Savoree contends that the Court made improper factual findings in denying his request for subrogation. In particular, Mr. Savoree takes issue with the Court's finding that the balance owing on the Second Loan exceeds the Proceeds. *See*

dkt. no. 127 at 13.  However, despite his protestations, Mr. Savoree presented no evidence discrediting Mr. Grotenhuis's evidence that more than four million dollars is still owning on the Loans.  *Id.*  Instead, he asks the Court to find a genuine issue of material fact based on his statement that Mr. Grotenhuis and CSB have "collected a substantial sum of money" from him.  Dkt. No. 75-1 ¶ 13.  The Court concludes that, in light of Mr. Grotenhuis's evidence showing the specific amounts owed on the Second Loan, Mr. Savoree's statement remains insufficient to create a genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 277 (1986) (the existence of merely a scintilla of evidence in favor of the non-moving party is insufficient to prevent summary judgment).  Although the Court is required to view all evidence on summary judgment in the light most favorable to the non-moving party (in this case, Mr. Savoree), the Court is under no obligation to disregard competent evidence in the moving party's favor.  Fed. R. Civ. P. 56(c)(1); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Mr. Savoree further contends that any fact finding regarding the potential fairness of subrogation was improper.  However, subrogation, as a doctrine of equity jurisprudence, necessarily depends on the equities of the case at hand, and the Court is well within its power to consider fairness in determining whether subrogation is appropriate.  *See First Fed. Sav. Bank of Wabash v. United States*, 118 F.3d 532, 534 (7th Cir. 1997).  In short, Mr. Savoree has presented no arguments to this Court that require reconsideration of the Proceeds Order.

## IV.  CONCLUSION

For the reasons discussed herein, the Court now rules as follows:

1)      Cross-Plaintiff Marjorie Beyrer's Motion for Modification of the Court's Order of September 22, 2011 (Doc. 127) to Give Effect to the Second Paragraph of the Assignment, to Wit; the Disability Exclusion **[Dkt. No. 128]** is **DENIED**.

2)      Cross-Defendant Mark Savoree's Motion to Alter or Amend Order Granting Stanton W. Grotenhuis' Motion for Summary Judgment **[Dkt. No. 140]** is **DENIED**.

3)      The Motion for Reconsider as to Insurance Policy Proceeds by Defendant/Cross-Plaintiff Marjorie Beyrer et al **[Dkt. No. 149]** is **DENIED**.

4)      The Court's September 22, 2011 Order [Dkt. No. 127] remains in full effect.

5)      The Clerk of the Vigo County Superior Court is **DIRECTED** to release the entirety of funds deposited with the Clerk by Cincinnati Life Insurance Company on July 5, 2010, including any subsequently accrued interest, to Stanton W. Grotenhuis.

IT IS SO ORDERED this 8th day of February, 2012.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution attached.

Distribution to:

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com

Brent D. Holmes
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue
PO Box 889
Mattoon, IL 61938

James Richard Myers
myers@lawgroupltd.com

Syed Ali Saeed
Saeed & Little, LLP
syed_ali_saeed@hotmail.com

John J. Scaccia
SCACCIA & ASSOCIATES, LLC
jscaccia@johnscaccialaw.com

Scott L. Starr
STARR AUSTEN & MILLER LLP
starr@starrausten.com

Heath E. Uppencamp
HELLER HOLMES & ASSOCIATES, P.C.
heath@hhlawoff.com